FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC, | ) |
| | ) |
| Plaintiff, | ) No. 11 C 4574 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| MOTOROLA MOBILITY HOLDINGS, INC., | ) |
| and SAMSUNG ELECTRONICS CO.,LTD., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cascades Computer Innovation, LLC has filed a third amended complaint alleging that defendants Motorola Mobility Holdings, Inc. and Samsung Electronics Co., Ltd. directly and contributorily infringe a software patent owned by plaintiff, U.S. Patent No. 7,065,750 ("the '750 Patent'"). Specifically, plaintiff alleges that defendants directly and contributorily infringe method claim 15, and that defendants directly infringe apparatus/system claim 1. Defendants have filed the instant motion to dismiss the third amended complaint for failure to state a claim. For the following reasons, that motion is denied.

A complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court explained in Twombly, the purpose of Rule 8 is to provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, a complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Twombly's language "does not suggest that [it] changed the pleading requirement of Federal Rule of Civil Procedure 8 as articulated in Conley[v. Gibson, 355 U.S. 41 (1957)]." McZeal v. Sprint Nextel Corp., 501

F.3d 1354, 1357 n.4 (Fed. Cir. 2007). Conley observed that the "illustrative forms appended to the Rules plainly demonstrate [the pleading requirements in Rule 8(a)]," 355 U.S. at 47, an observation supported by Rule 84's statement that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."

A direct infringement claim is therefore sufficient if it includes five elements listed in the applicable form: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." McZeal, 501 F.3d 1537; see Fed. R. Civ. P. Form 18; see also Trading Techs. Int'l Inc. v. BCG Partners, Inc., Nos. 10 C 715 et al., 2011 WL 1706136, at *2 n.1 (N.D. Ill. May 5, 2011) ("Though the sufficiency of Form 18 has been questioned, post-Iqbal, by a few district courts and by the Federal Circuit itself in an unpublished decision, McZeal and its analysis based on Form 18 remains good law in that circuit until overruled.").

Plaintiff's third amended complaint provides much more detail than Form 18 demands, and, despite defendants' protestations, complies with the standard elucidated in Twombly and Iqbal. As for claim 1 (an apparatus/system claim), the complaint alleges that "smartphones made and sold by [each defendant] . . . include each element of claim 1," and that defendants' "manufacture, sale, offer to sell and importation of the identified cell phones is a direct infringement of apparatus/system claim 1." Defendants contend that plaintiff's allegations are insufficient because claim 1's language "specifies actual performance of specific functions or conditions as opposed to mere capability, [so] an accused device cannot infringe unless it

actually performs those functions." (Emphasis in original). But "to infringe a claim that recites capability and not actual operation, an accused device 'need only be capable of operating' in the described mode." Finjan, Inc. v. Secure Computing Corp., 626 F.3d 1197, 1204 (Fed. Cir. 2010) (quoting Intel Corp. v. U.S. Int'l Trade Comm'n, 946 F.2d 821, 832 (Fed. Cir. 1991)). Nothing in claim 1 requires that the program code be "active" or "enabled"; as in Finjan, the claim "describe[s] capabilities without requiring that any software components be 'active' or 'enabled.'" Id. at 1204-05. Plaintiff has thus included sufficient allegations for its direct infringement claim of claim 1.

Plaintiff has also sufficiently alleged that defendants directly infringe claim 15 (a method claim) by using products that perform that method and by manufacturing and selling those products. Defendants argue that plaintiff has not alleged that defendants or their customers have "ever run the allegedly infringing software or experienced the errors required by claim 15." The first half of that assertion is inaccurate, and the second half is irrelevant. Contrary to defendants' assertion, the complaint includes specific allegations that defendants run the infringing software when they demonstrate their products; these allegations are even accompanied by links to online videos of the demonstrations. And the complaint specifically states that "use of the method occurs when the phone is turned on and made functional,"[1] not that—as defendants would have it—the method is used only when an error occurs. Although this may be an issue for summary judgment or trial, at this stage of the proceedings the court must take plaintiff's well-pleaded allegations as true and draw reasonable inferences in its favor. Opp v. Office of State's Attorney

---

[1] The complaint further alleges that "[t]he claimed method is performed when a user of the cellular phones operates the device for their intended purpose using the Android operating system."

3

of Cook County, 630 F.3d 616, 619 (7th Cir. 2010) (citing Porter v. DiBlasio, 93 F.3d 301, 305 (7th Cir. 1996)). To accept defendants' position that claim 15 is infringed only when an error occurs, however, the court would have to do exactly the opposite, ignoring the complaint's allegations and drawing inferences in defendants' favor.

Defendants' contention that plaintiff has failed to adequately plead contributory infringement is equally unavailing. Plaintiffs have included factual allegations for each of the elements of contributory infringement: (1) that defendants have knowledge of the '750 Patent; (2) that defendants' customers directly infringe; and (3) that defendants know of the direct infringement, know that there are no substantial non-infringing uses, and know their products are especially made to infringe. 35 U.S.C. § 271(c). Defendants contend that this is insufficient, asserting, for example, that plaintiff "must first show that the smartphones have no substantial, non-infringing use." But plaintiff's complaint alleges that both defendants "know there are no substantial non-infringing uses of the accused products," and that is sufficient; the complaint is not required to "show" why this is the case. Plaintiff's allegations that claim 15 is infringed each time a phone is used is, at this stage, taken as true, despite defendants' insistence that the method in claim 15 is infringed only when an error occurs and is addressed by the patented software.

Plaintiff also alleges that defendants contributorily infringed claim 15 "because [they] knew at least when the original complaint was filed and, thus, knew then (and now know[ ]) that the steps of the claimed method described in claim 15, for example, were carried out by users of [defendants'] phones . . . ." Defendant argues that the complaint "fails to explain how any customer directly infringes . . . [and] why Defendants should be held indirectly liable" for such infringement, but Rule 8(a) requires allegations that plausibly entitle a plaintiff to relief—not

4

detailed explanations of "how" and "why" that is so. Plaintiff has alleged that defendants sold the infringing products to their customers, which is enough to show specific intent. Trading Techs., 2011 WL 1706136, at *16-17 ("[T]he Court may infer that by selling their infringing products the defendants intended their customers to use them and thus infringe [the plaintiff's] patents."). Moreover, plaintiff alleges that each defendant is "fully aware of [its customers'] direct infringement and encourages, aids, and assists it." Nothing more is necessary to comply with the notice pleading standard and put defendants on notice of the claims against them.

Defendants ask the court to apply a pleading standard required by neither the Federal Rules of Civil Procedure nor the interpretation thereof in Twombly and Iqbal. Plaintiff has more than adequately alleged claims against both defendants for direct infringement of claims 1 and 15 of the '750 Patent and for contributory infringement of claim 15. Defendants' motion to dismiss is therefore denied.

The status report currently set for May 30, 2012, is stricken. Defendants are ordered to answer the complaint on or before June 12, 2012. The parties are directed to meet and confer, and file a joint status report using this court's form, on or before June 19, 2012. This matter is set for a report on status June 26, 2012, at 9:00 a.m.

**ENTER:**       **May 22, 2012**

**Robert W. Gettleman**
**United States District Judge**