IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>               Defendant. | Civil Action No. 1:11-cv-04574<br><br>Honorable Matthew F. Kennelly |

## RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON ISSUE OF VALIDITY

**I.    INTRODUCTION**

Cascades moved for JMOL under Fed.R.Civ.P. 50(a) at the conclusion of all the evidence:

> MR. R. NIRO: … We just orally would move JMOL on the issue of validity, invalidity. There was no evidence presented under Section 112, claim indefiniteness. …
>
> \* \* \* \*
>
> MR. R. NIRO: Okay. Section 103, they used the wrong legal standard: Hindsight, he made the wrong comparison, he wasn't comparing claims to the product, he was comparing product to product.
>
> Section 102, the best prior art was before the [P]atent [O]ffice and was considered. And that's the Kelly patent. Le was also before the [P]atent [O]ffice[]. [The patent is entitled to] a presumption of validity. They haven't overcome that presumption.

(Trial Tr. 1043-1044). Cascades now renews that motion JMOL under Rule 50(b) on the basis of the jury's verdict, which found the '750 patent valid:

**Question No. 4**:

Do you find that Samsung has shown by clear and convincing evidence that any of the following claims of the '750 patent are invalid based on anticipation?

|  | (for Cascades) | (for Samsung) |
|---|---|---|
| Claim 1 | _X_ valid | ___ invalid |
| Claim 15 | _X_ valid | ___ invalid |

**Question No. 5**:

Do you find that Samsung has shown by clear and convincing evidence that any of the following claims of the '750 patent are invalid based on obviousness?

|  | (for Cascades) | (for Samsung) |
|---|---|---|
| Claim 1 | _X_ valid | ___ invalid |
| Claim 15 | _X_ valid | ___ invalid |

(Dkt. 355). The Court has now entered Judgment on the jury's verdict and, by law, can allow that Judgment to stand under Rule 50(b)(1) ("… the court may: (1) allow judgment on the verdict, if the jury returned a verdict").

In short, the decided issue of validity should not be retried and the Judgment, as set forth below, should be made final:

… Judgment is entered on the jury's verdict as follows:

Claims 1 and 15 of U.S. Patent No. 7,065,750 are not invalid. …

(Dkt. 361).

## II. SAMSUNG IS NOT ENTITLED TO A NEW TRIAL ON VALIDITY

In *Pierce v. Chi. Rail Link, LLC*, 2006 U.S. Dist. LEXIS 84885, at *22-23 (N.D. Ill. 2006) (Kennelly, J.), this Court granted a new trial as to one liability claim, plaintiff's FRSA claim against CRL, but denied the motion for new trial on another liability claim,

2

plaintiff's FELA claim, as well as plaintiff's claims against other defendants. The Court reviewed the jury's responses to the interrogatories and refused to disturb the jury verdict as to issues that were not implicated by the new trial. *Id.* at 21-22.

Here, the jury's verdict as to validity of the '750 patent is separable from the questions of infringement and damages. That verdict should not be disturbed. *See*, *Smart Mktg. Grp. v. Publ'ns Int'l Ltd.*, 624 F.3d 824, 832 (7th Cir. 2010).

### III. THE JURY HAS ALREADY FOUND THAT THE ASSERTED CLAIMS OF THE '750 PATENT ARE NOT INVALID

By statute, each claim of an issued patent is presumed to be valid. 35 U.S.C. § 282. To overcome this presumption, a challenger, like Samsung, must prove invalidity by clear and convincing evidence. *Pozen, Inc. v. Par. Pharm, Inc.*, 696 F.3d 1151, 1159-60 (Fed. Cir. 2012). Here, a jury found that Samsung failed to meet its burden.

Samsung relied on only one item of prior art – United States Patent No. 6,631,514 issued to Bich-Cau Le – but failed to clearly prove that every claim element of claims 1 and 15 was disclosed in the *Le* prior art. *Richardson v. Suzuki Motor Corp.*, 868 F.2d 1226 (Fed. Cir. 1989). An expert's conclusory testimony, unsupported by independent documentary evidence, cannot supplant the requirement of an anticipatory disclosure. *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461 (Fed. Cir. 1997). In contrast, Mr. Purdy showed that significant elements of claims 1 and 15 are missing from the *Le* patent. Hence, there was no clear and convincing evidence of anticipation.

As for obviousness, each asserted claim of the '750 patent had to be proven obvious, e.g., that each and every limitation of claims 1 and 15 would have been obvious to one of skill in the art at the time of the invention. *See, Honeywell Int'l. Inc. v. United States*, 609 F.3d 1292, 1300-01 (Fed. Cir. 2010) ("Given the failure to prove that

3

the cited references disclose [claim] element (a)(3), the Government has failed to carry its burden of proving by clear and convincing evidence that the claimed invention would have been obvious to one of skill in the art."). Conclusory testimony, like that given by Professor Medvidovic, is not sufficient to meet Samsung's clear and convincing burden: "General and conclusory testimony … does not suffice as substantial evidence of invalidity." *Koito Mfg. Co. v. Turn-Key Tech, LLC*, 381 F.3d 1142, 1151 (Fed. Cir. 2004).

## IV.  INDEPENDENTLY OF THE JURY'S FINDING, THE '750 PATENT IS NOT INVALID FOR ANTICIPATION OR OBVIOUSNESS

Cascades is entitled to judgment as a matter of law for four reasons, independently of the jury's verdict. First, the *Le* patent was identified in the Patent Examiner's search for relevant prior art:

> Q. Was the Le patent specifically found by the patent examiners during their search of the prior art?
>
> A. Yes.
>
> Q. How do you know that?
>
> A. We go to the file history. And we look at that and find out which categories patent examiners searched. And they have notes on what exactly they looked at.
>
> Q. All right. I'm going to show you an excerpt from the patent examiner's search notes. Now, the examiner did a search of the prior art. And can you tell from your examination of this prosecution history whether the patent examiner considered and identified and located the Le prior art patent?
>
> A. Yes.
>
> Q. This number right here, it indicates what? It's 6631514. Do you know what number that is?
>
> A. That's the identifier of the Le patent which we call the '514.

4

(Trial Tr. 679-680). The relevant portion of the file history for the '750 patent with the search notes regarding the *Le* patent is reproduced below:

| | | "5295265" | "5530804").PN. | | | | |
|---|---|---|---|---|---|---|---|
| S46 | 2 | "6247172".URPN. | | USPAT | OR | OFF | 2004/07/06 10:29 |
| S47 | 18 | ("5974524" "6154877" "6345351" "6425118" "6594821" "6631514" "6795966" "6820255" "6826682").pn. | | US-PGPUB; USPAT; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2005/05/17 18:19 |

(Exhibit A, PX-2, p. 6 of Search History). Not only was the *Le* '514 patent "search query" utilized by the Examiner on May 17, 2005, but the *Le* '514 patent was necessarily found less relevant than the Kelly '205 patent (DX-661) that was used as a basis to reject the '750 claims. On May 26, 2005, Examiner Mary Steelman signed an Office Action (Exhibit A, Office Action mailed June 3, 2005) rejecting the pending claims in the application that resulted in the '750 patent, finding that the Kelly '205 patent, not the *Le* '514 patent, was the most relevant prior art and anticipated the claims pursuant to 35 U.S.C. § 102(e):

> 9. Claims 35-56 are rejected under 35 U.S.C. 102(e) as being anticipated by US Patent 5,832,205 to Kelly et al.

(Exhibit A, p. 4 of Office Action). Hence, the Kelly '205 patent is presumed to be the most relevant prior art because it is the prior art the Examiner relied upon and 37 C.F.R. 1.104(c)(2), patent examining procedure requires examiners to apply what they consider to be the best prior art:

> In rejecting claims for want of novelty or for obviousness, ***the examiner must cite the best references at his or her command***. When a reference is complex or shows or describes inventions other than that claimed by the applicant, the particular part relied on must be designated

5

as nearly as practicable. The pertinence of each reference, if not apparent, must be clearly explained and each rejected claim specified.

(Exhibit B, 37 C.F.R. 1.104(c)(2)) (emphasis added).

Second, Mr. Purdy showed that the *Le* patent did not anticipate either claim 1 or 15 because multiple elements of the asserted claims were not disclosed in *Le*:

> Q. … In your analysis of Le, did you compare it with the claims, and if so, what did you find?
>
> A. I compared that against the claims, and my opinion is that Le is teaching a different mechanism for recovery.
>
> Q. Let me show you Exhibit 146. Did you prepare this?
>
> A. I --
>
> Q. Or direct its preparation?
>
> A. Yes, I did.
>
> Q. All right. It says, U.S. patent Claim 1, and compares Le, and then there are some no, no, nos in elements D, E, and F. Is that consistent with your opinion?
>
> A. That is my opinion.
>
> Q. And as to Claim 15, elements C and D are not present in Le?
>
> A. That's correct. That's my opinion.

(Trial Tr. 732). In other words, as Mr. Purdy testified, the *Le* '514 patent does not teach or disclose at least three elements ("documentation generator," "documentation tracker," and "recovery mechanism") of claim 1 of the '750 patent and two elements ("generating a set of documentations" and "using one of documentations") of claim 15 of the '750 patent, as shown in PDX-146 and PDX-147.

6



Third, Dr. Medvidovic admitted the words of multiple elements of claims 1 and 15 could not be found in the *Le* '514 patent.

> Q. When you get to documentation generator of Claim 1, it calls it documentation generator, do you see that?
>
> A. I do.
>
> Q. And you compared it with some language from Le, correct?
>
> A. That is correct.
>
> Q. Do the words "documentation generator" appear in what you have quoted, yes or no?
>
> A. They do not.
>
> Q. They do not?
>
> A. No.
>
> Q. So there is no match?
>
> A. The words do not appear. There is a match.
>
> Q. I see.
>
> And then when you go to Documentation Tracker in Claim 1, Documentation Tracker, you have a big section that you quote. The words "documentation tracker" aren't present in Le, correct?
>
> A. That is also correct.

> Q. And when you to the words "recovery mechanism" in Claim 1 of the '750 patent, you don't find those words in the corresponding section that you quote from the Le patent, correct?
>
> A. That is correct. Recovery mechanism doesn't show up in those callouts.
>
> Q. And when you go to Claim 15 and you look at the term "generating a set of documentations" in Claim 15, the words "generate," "set," and "documentations" don't appear in the Le patent where you make this correspondence, right?
>
> A. That is fair, yes.
>
> Q. That's correct, isn't it?
>
> A. That is correct. It doesn't appear there.
>
> Q. And for Claim 15 where the words "documentations" and "foreign state" appear, you don't find that, for example, in your slide 138 when you're comparing them, correct?
>
> A. "Documentation" doesn't appear. And I just want to make it clear, because I mentioned this already, the Le patent doesn't use the word "foreign." It uses "legacy."
>
> Q. The words don't appear, they don't match, right?
>
> A. "Foreign state" does not appear, correct.

(Trial Tr. 998-999). Given Dr. Medvidovic's admissions about the failings of the *Le* patent, there can be no anticipation.

Finally, Dr. Medvidovic used the wrong legal standard for obviousness – he used hindsight (Trial. Tr. 984-986). He also made the wrong comparison by comparing products to products, rather than the claims of the '750 patent to the accused product.

## V. INDEFINITENESS

Samsung presented no evidence that claim 1 or claim 15 is indefinite. Accordingly, the Court correctly entered Judgment on that issue:

8

> Well, I told you during the trial. I mean, the standard on that is if I can construe the patent, then it's not indefinite, and I did, so it's not indefinite. So to me, the judgment ought to say there's no infringement of Claims 1 and 15, Claims 1 and 15 are invalid -- valid, rather, judgment entered for the plaintiff -- or for the defendant.

(7/29/2015 Hearing Tr. 4-5).

## VI. THE EXCLUDED EXHIBITS GIVEN TO THE JURY HAD NOTHING TO DO WITH SAMSUNG'S EVIDENCE OF INVALIDITY

The documents inadvertently given to the jury by Samsung (DX-250, DX-317, DX-328 and DX-388) do not relate in any way to Samsung's evidence of invalidity or, more importantly, to Cascades' rebuttal evidence of validity. Samsung's invalidity case was based entirely upon the *Le* prior art patent. None of the excluded documents has anything to do with the *Le* patent or its alleged application to claims 1 and 15. In opposing Cascades' motion for a new trial, Samsung did not suggest that the documents improperly given to the jury had any bearing on the jury's finding of validity. Any argument to the contrary now would be disingenuous: if Cascades and its counsel **were** misusing the patent system, as Samsung argued, that would actually support Samsung's claim of invalidity.

The excluded documents were defendant's exhibits and supported Samsung's case. Hence, even if they were considered by the jury, they do not contradict the verdict on validity.

## VII. CONCLUSION

Samsung had a full and fair opportunity to present its case for invalidity. It has no legal basis to retry invalidity in the retrial.

Dated: August 13, 2015				Respectfully submitted,


/s/ Raymond P. Niro
Raymond P. Niro
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
(312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com

***One of the Attorneys for***
***Cascades Computer Innovation, LLC***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 13, 2015 the foregoing:

**RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON ISSUE OF VALIDITY**

was filed electronically with the Clerk of the Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System as listed:

Marc H. Cohen
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, CA 94304
marc.cohen@kirkland.com

David Rokach
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
drokach@kirkland.com

Brandon H. Brown
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
brandon.brown@kirkland.com

Samsung-CCI-Team@kirkland.com

Luke L. Dauchot
Sharre Lotfollahi
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90017
luke.dauchot@kirkland.com
Sharre.Lotfollahi@kirkland.com

Jeanne M. Heffernan
KIRKLAND & ELLIS LLP
601 Lexington Avenue, Suite 4100
New York, NY 10022
jeanne.heffernan@kirkland.com

Imron T. Aly
Schiff Hardin LLP
233 South Wacker Drive
Chicago, IL 60606
(312) 258-5523
ialy@schiffhardin.com

*Attorneys for Samsung Electronics Co., Ltd.*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Raymond P. Niro
**Attorney for**
***Cascades Computer Innovation, LLC***