**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cascades Computer Innovation, LLC, | |
| Plaintiff, | |
| v. | Civil Action 1:11-cv-4574 |
| Samsung Electronics Co., Ltd., | The Hon. Matthew F. Kennelly |
| Defendant. | |

**SAMSUNG'S MEMORANDUM IN SUPPORT OF ITS**
**<u>BILL OF COSTS</u>**

**I.     INTRODUCTION**

Plaintiff Cascades Computer Innovation, LLC ("Cascades") accused Defendant Samsung Electronics Co., Ltd. ("Samsung") of infringing claims 1 and 15 of U.S. Patent No. 7,065,750 (the "'750 patent").  A jury trial was held starting on Monday, September 14, 2015, and continued until closing arguments on Monday, September 21, 2015.  On that same day, the jury found for Samsung and this Court entered judgment on the jury's verdict in favor of Samsung. Dkt. 421.  As the prevailing party, Samsung is now entitled to recover costs from Cascades pursuant to Local Rule 54.1 and Federal Rule of Civil Procedure 54(d), and Samsung thus respectfully submits its memorandum in support of its bill of costs.

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party."  Pursuant to 28 U.S.C. § 1920, recoverable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters.

"In patent cases, Federal Circuit law governs whether a party may be considered the prevailing party." *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 967 (N.D. Ill. 2010) (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181–82 (Fed. Cir. 1996)).  "In the context of patent litigation, a plaintiff 'prevails' when 'the actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–13 (1992)); *see also Kinzenbaw v. Case LLC*, No. 05 1483,

1

2006 WL 1096683 at *3 (Fed. Cir. 2006) (finding defendant the prevailing party after receiving a verdict of non-infringement even though it lost its counterclaim for invalidity) (unpublished); *Callpod, Inc. v. GN Netcome, Inc.*, No. 6 C 4961, 2010 WL 4411954 (N.D. Ill. Nov. 1, 2010 (same)).

Courts have awarded the cost of both an original trial and a retrial to the prevailing party, even where the ultimately prevailing party's actions were the reason for the retrial. *Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882, at *9 (N.D. Ill. Aug 12, 2004) ("A party that prevails at a retrial is normally entitled to an award of costs for both the original trial and the retrial."); *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) (finding that the district court did not abuse its discretion in awarding costs of both trials to the prevailing party, even though the prevailing party caused the retrial by *ex parte* communications with jurors).

## III. BILL OF COSTS

Samsung, having obtained a verdict of non-infringement, is the prevailing party in this litigation. *See Kinzenbaw*, 2006 WL 1096683 at *3. As the prevailing party, Samsung is entitled to its reasonable costs pursuant to 28 U.S.C. § 1920, Local Rule 54.1, and Federal Rule of Civil Procedure 54(d). *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014) ("Rule 54(d) of the Federal Rules of Civil Procedure creates a strong presumption that the prevailing party will be awarded those costs of litigation identified in 28 U.S.C. § 1920.") (citations omitted).

### A. Fees for service of summons and subpoena

"A prevailing party may recover costs paid to private process servers that do not exceed the marshal's fees." *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2015 WL 3407459, at *12 (N.D. Ill. May 27, 2015) (Kennelly, J.) (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)). The marshal's fee for process served or executed personally is $65

per hour for each item served by one U.S. Marshals Service employee, plus travel and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3) (effective Oct. 30, 2013).

Pursuant to 28 U.S.C. § 1920(1), Samsung requests $805 for process server fees. Samsung served document and deposition subpoenas to Mr. C. Derek Anderson, Elbrus, Inc., Mr. Alexander Kim, Mr. Charles Kulas, Mr. Mark Magas, and Mr. Brian Young. Samsung also served a trial subpoena to Mr. Anthony Brown. Samsung's private process servers did not separately indicate time spent or mileage. *Id.* Thus, in accordance with decisions in this district and to minimize dispute, Samsung assumes that each subpoena took an hour to serve. *See* Order at 4, *Schultz v. iGPS Co. LLC*, No. 10 C 0071, Dkt. No. 403 (N.D. Ill. May 8, 2013) ("The invoices from private process servers provided by Defendant do not reflect mileage or the hours spent . . . the court therefore assumes that one hour was spent serving each subpoena and awards costs for service at the U.S. Marshals' rate . . . ."). Samsung thus requests the maximum cost of $65 for eleven of its thirteen subpoenas, and the true cost of $45 for the remaining two subpoenas (Kulas and Young). Samsung has documented these costs in Appendix A at 1, with documentation and invoices on the subsequent pages of the same appendix.

### B. Fees for printed or electronically recorded transcripts

Under 28 U.S.C. § 1920(2), Samsung is entitled to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

#### 1. Costs for necessary depositions

Deposition costs, including transcripts, are recoverable if reasonably necessarily "to the case at the time it was taken," regardless of its use in a motion or in court. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998).

Samsung seeks the recoverable costs incurred through the depositions of Mr. Sean Diaz, Mr. Hakryoul Kim, Dr. Nenad Medvidovic, Mr. Perry Smith, Mr. C. Derek Anderson, Mr.

3

Anthony Brown, Mr. Mark Magas, Mr. Charles Kulas, Mr. Brian Young, Mr. Vladimir Volonsky, Mr. Alan Purdy, and Dr. Stephen Magee. Samsung has documented these costs in Appendix B at 1, with documentation and invoices on the subsequent pages of the same appendix.

These depositions were reasonably necessary. The depositions of Mr. Anderson, an early investor in the '750 patent, and Mr. Brown and Mr. Magas—corporate managers of Cascades—were necessary to understand the history of the '750 patent and the relationship between Cascades and the patent assignee. The depositions for Mr. Kulas and Mr. Young as the patent prosecutors of the '750 patent were also necessary because they possessed knowledge of the prosecution history of the '750 patent. Mr. Volonsky's deposition was necessary as part of Samsung's efforts to learn about the inventors of the '750 patent, their attempts to commercialize the patented technology, and prior licenses to the '750 patent. Mr. Purdy was Cascades' infringement expert at both trials, and Dr. Magee was presented by Cascades as its testifying damages expert until the eve of both trials (in fact he was removed from Cascades' list of witnesses in the middle of the original trial). Other deponents included Mr. Sean Diaz, a Samsung accountant, who testified at the first trial about Samsung's accounting practices and the sales quantities of the accused products, and who was on Cascades' witness list for the second trial until the parties reached a stipulation that alleviated the need to play his testimony at the second trial; Mr. Hakryoul Kim, a Samsung engineer whose deposition was read by Cascades at the first trial and who was on both parties' witness list for the second trial, and whose testimony was contemplated in the second trial by both parties through the first 4 days of the second trial; Dr. Nenad Medvidovic, Samsung's expert, who testified at both trials about technical subject matter regarding the non-infringement of the accused devices and invalidity of the '750 patent;

and Mr. Perry Smith, an Intel in-house attorney, who testified about the relationship between Elbrus and Intel. Accordingly, Samsung is entitled to recover these deposition costs, as reasonably necessary to defend itself in this case.

Samsung requests recovery of transcription costs not in excess of the N.D. Ill. LR 54.1(b) and Judicial Conference guidelines; where deposition costs exceed the guidelines[1], Samsung seeks recovery up to those guidelines. These have been noted as "discounts" in the attached Appendix B.

Samsung is also entitled to recover costs of videotaping these depositions. The cost of video recording depositions may be taxed, provided that both are reasonable and necessary. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (holding that the rules governing costs "allow the costs of both video-recording and stenographic transcription to be taxed to the losing party."); *see also Engate, Inc. v. Esquire Deposition Svcs. LLC*, No. 01 C 6204, 2006 WL 695650, at *2 (N.D. Ill. 2006) ("Courts may tax the costs of a transcript and a videotape of the same deposition only if both are necessary and reasonable in the context of a particular case.") Here, videotaped depositions were necessary and reasonable in the context of this case. Several witnesses were outside of this Court's subpoena power for trial, including Mr. Volonsky (Russia), Mr. Anderson (CA), Dr. Magee (TX), Mr. Young (CA), Mr. Kulas (CA), and Mr. Purdy (OR). *Id.* (taxing videotaped depositions of parties outside the court's subpoena power). And given the long-running nature of this dispute, it was possible that even Mr. Brown and Mr. Magas would be unavailable for trial. Likewise, Samsung is entitled to real-time transcription costs due to the complicated nature of the deposition testimony. The testimony of

---

[1] *See also* "Maximum Transcript Rates," United States District Court - Northern District of Illinois, *available at* http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm; "Federal Court Reporter Program," United States Courts, *available at* http://www.uscourts.gov/services-forms/federal-court-reporting-program.

5

expert and technical witnesses, damage witnesses, and fact witnesses on complicated licensing and business relationships requires having real-time transcription available. Real-time transcription allows an examining attorney to review the deponent's testimony as it unfolds and to analyze testimony during breaks in order to identify critical issues. As at least one judge in this district has noted, "Realtime (or Livenote) . . . is a convenience that is becoming ubiquitous in the modern legal world." *In re Dairy Farmers of America, Inc.*, 80 F.Supp.3d 838, 855-856 (N.D. Ill. 2015); *see also Kinzenbaw v. Case LLC*, 2006 WL 1096683 *6 (Fed. Cir. 2006) (upholding taxation of realtime transcripts deemed "necessary" by the district court). Appendix B identifies the cost of real-time transcription and, when necessary discounts the amount recoverable as described in N.D. Ill. LR 54.1(b) and the Judicial Conference guidelines.

Samsung is also entitled to recover attendance fees charged by the court reporter. *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). Appendix B also shows the attendance cost charged for the depositions above, again discounted these costs when necessary to comply with this Court's rules. Local Rule 54.1 ("Court reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed the published rates on the Court website . . ."); *see also Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 978 (N.D. Ill. 2010) (same). These costs total $23,266.94. Samsung has documented these costs in Appendix B at 1, with documentation and invoices on the subsequent pages of the same appendix.

### 2. Court reporter fees for court hearings and trial

A prevailing party can recover court transcripts under section 28 U.S.C. § 1920(2), including "trial transcripts and transcripts from other court proceedings necessarily obtained for

6

use in the case." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Thus, Samsung is entitled to court reporter fees for court hearings and the trial. The transcripts for these hearings were reasonably necessary given the complexity of this patent infringement litigation and given that the case was in litigation for over four years. *See* Order at 7, *Schultz v. iGPS Co. LLC*, No. 10 C 0071, Dkt No. 403 (N.D. Ill. May 8, 2013) ("The court will also allow costs associated with obtaining transcripts of four court proceedings."), *appeal dismissed* (June 12, 2013). Moreover, the transcripts for the trial were reasonably necessary to support Samsung's cross examination of trial witnesses, Samsung's motion for judgment as a matter of law and for Samsung's closing arguments.

Likewise, as noted above, Samsung is entitled to real-time transcription costs due to the complicated nature of the trial testimony. *In re Dairy Farmers of America, Inc.*, 80 F.Supp.3d 838, 855-856 (N.D. Ill., 2015). Here, as in *In re Dairy Farmers of America*, Cascades ordered real-time transcription at trial, and Samsung would have been at a significant disadvantage had it not also had realtime. These costs total $30,721. Samsung has documented these costs in Appendix C at 1, with documentation and invoices on the subsequent pages of the same appendix.

      C.    **Fees for witnesses**

           1.    **Witness fees**

Samsung is entitled to collect witness fees and reasonable expenses for witnesses who attended trial or for witnesses for whom it paid witness fees associated with subpoenas. "Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses." *Majeske v. City of Chicago*, 218 F.3d 816, 825-26 (7th Cir. 2000) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64–65 (5th Cir. 1994); *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993); *Chicago College of Osteopathic Med.*

7

*v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986)); *see also Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 973 (N.D. Ill. 2010) ("Under 28 U.S.C. §§ 1920(3) and 1821(d)(1), a prevailing party is entitled to subsistence expenses for expert witnesses, which include accommodation expenses.").

Samsung is entitled to collect $40 per day per witness for attendance at trial. "Witnesses may be paid $40 per day for attendance at trial or deposition and for time spent traveling before and after attendance." *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2015 WL 3407459, at *11 (N.D. Ill. May 27, 2015) (Kennelly, J.) (citing 28 U.S.C. § 1821(b)); *see also LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *4 (N.D. Ill. Oct. 20, 2011) ("The costs recoverable for lay witnesses under Section 1920(3) include a witness' attendance at court hearings or depositions, which is $40 per day." (citations omitted)).

Samsung is also entitled to collect travel expenses and subsistence. "Witnesses are also compensated for actual travel expenses and for subsistence when an overnight stay is required." *Merix*, 2015 WL 3407459 at *11 (citing 28 U.S.C. § 1821(c)–(d)(1)); *see also LG Elecs.*, 2011 WL 5008425 at *4 (travel fees are also recoverable, provided they are "the most economical rate reasonably available" (quoting 28 U.S.C. § 1821(c)(1))). In addition, lodging costs are also recoverable, provided they are reasonable. *See, e.g.*, *Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 WL 2054382, at *5 (N.D. Ill. July 18, 2006) ("Lodging fees are generally recoverable and the $155.44 lodging fee for Mr. Norman Shanklin appears reasonable, so it will be awarded."). Subsistence fees are governed by maximums provided by the U.S. General Services Administration's per diem allowance. 28 U.S.C. § 1821(d)(2); *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, No. 91 C 7955, 1995 WL 144554, at *7 (N.D. Ill. Mar. 30, 1995) ("Section 1821(d)(1) limits the subsistence allowance to an 'amount not to exceed the

maximum per diem allowance prescribe by the Administrator of General Services, pursuant to section 5702(a) of title 5.'").

Samsung requests the per diem rate and mileage rate it paid to witnesses for their attendance at deposition, including Derek Anderson, Mark Magas, Brian Young, Charles Kulas. These costs total $210. Samsung has documented these costs in Appendix D at 1, with documentation and invoices on the subsequent pages of the same appendix.

Further, Samsung requests the per diem rate, travel expenses, subsistence, and lodging costs for Dr. Nenad Medvidovic and Mr. John Hansen. These rates are all reasonable and are discounted appropriately where statutory limits or other guidelines exist. Although Mr. John Hansen did not testify at either trial, he was required to be present in case Cascades' damages expert, Dr. Stephen Magee, testified. Cascades would not commit until late in each trial as to whether Dr. Magee would testify, and Mr. Hansen returned home to California promptly upon learning he would not testify at each trial. Rates for subsistence have been discounted according to the rates identified by the U.S. GSA's per diem allowance. These costs total $8,864.42. Samsung has documented these costs in Appendix E at 1, with documentation and invoices on the subsequent pages of the same appendix.

## 2. Expert deposition and witness fees under Rule 26(b)(4)(E)

Samsung requests expert fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), which are recoverable as costs under Rule 54(d). *See Chambers v. Ingram*, 858 F.2d 351, 360–61 (7th Cir. 1988) (discussing Rule 26(b)(4)(C), which as amended is Rule 26(b)(4)(E)[2]); *Smith v. Augustine*, No. 07 C 81, 2009 WL 1748235, at *4 (N.D. Ill. June 18, 2009) ("Section 1920(3)

---

[2] *See also* Fed. R. Civ. P. 26(b)(4) advisory committee's note to 2010 amendment ("Former Rules 26(b)(4)(B) and (C) have been renumbered (D) and (E), and a slight revision has been made in (E) to take account of the renumbering of former (B).").

9

and Federal Rule of Civil Procedure 26(b)(4) authorize the payment of witness fees, including expert witness fees . . . .").

Rule 26(b)(4)(E) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery. . . ." "In determining the reasonableness of an expert's fee, the court may consider: (1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Liquid Dynamics Corp. v. Vaughan Co.*, No. 01 C 6934, 2002 WL 31207212, at *3 (N.D. Ill. Oct. 2, 2002); *see also Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007) (allowing reimbursement for expert fees billed at $400.00 and $450.00 per hour in patent infringement case). Here, Dr. Nenad Medvidovic's hourly rate is reasonable given his professional and academic credentials, as well as his expertise in the particular technical field relevant to this case. *See* Ex. 1, Trial Tr. at 845:1-850:24; 857:23-859:25. Dr. Medvidovic was obligated to review a substantial amount of discovery and source code and skilled enough to run tests in order to determine non-infringement. (Ex. 1, Trial Tr. at 910:7-16; 911:3-20).

Costs associated with time spent preparing for and attending a deposition are recoverable. *LG Elecs.*, 2011 WL 5008425 at *4. In addition, time spent reviewing transcripts of their own deposition testimony and travel time to and from the deposition location are recoverable costs. *Id.* Likewise, Dr. Medvidovic's time spent preparing for his deposition is reasonable given the complexity of the subject matter in this case, and the significant amount of source code he

10

analyzed and presented as part of his non-infringement opinions. S*ee, e.g.*, *Nilssen*, 2007 WL 257711 at *5. The total cost Samsung seeks is $20,913.75. Samsung has documented these costs in Appendix F at 1, with documentation and invoices on the subsequent pages of the same appendix.

### D. Fees for exemplification and the costs of making copies

Pursuant to 28 U.S.C. § 1920(4), Samsung requests the following costs for exemplification and duplications that were necessarily obtained for use in the case.

#### 1. Exemplification Costs

"Exemplification costs—such as expenses incurred in preparing maps, charts, graphs and photostats—are recoverable costs so 'long as the means of presentation furthers the illustrative purpose' of the exhibit." *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007) *aff'd*, 528 F.3d 1352 (Fed. Cir. 2008). The Seventh Circuit construes "exemplification" broadly, which includes "the expense of graphics services." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427–28 (7th Cir. 2000); *see also id.* at 429 ("[W]e believe that prevailing parties can, under appropriate circumstances, be reimbursed for the cost of computer generated, multi-media presentations even to the degree that such presentations are used not to produce exhibits but rather to display them to the court."). The Court determines whether the exemplification is "necessarily obtained for use in the case" and not merely a "convenience" or an "extravagance." *Id.* at 427–28.

Samsung's graphics were not a mere convenience nor extravagance. Rather, given the highly complicated nature of the technology in this case, the exemplifications here were critical to assisting the court and jury in understanding the nature of materials presented. In fact, demonstratives were so important that Cascades moved to admit many of them to the jury room, explaining that "[t]he technology here is complex . . . [and] to expect a jury of lay people to

11

study and decide infringement issues . . . without explanatory material may be asking too much." Dkt. 410 at 1.

Samsung's request for exemplification costs in this case is similar to awarded costs in other patent cases within this district. In *LG Elecs.*, for example, the court awarded the prevailing party Whirlpool the entire cost of $109,833.75 for exemplification costs used to create and present evidence to the court and the jury at the hearings and the trial. *LG Elecs.*, 2011 WL 5008425 at *7. The court found that the creation and exemplification of exhibits, "including digital presentations and computer graphics," were necessary to illustrate the complex concepts involved and to explain how the products worked. *Id.* The court further found that costs associated with Whirlpool's technological consultants' court attendance were also justified. *Id.* Accordingly, the court awarded the entire amount of $109,833.75 for exemplification work.

Samsung provides Appendix G which details the exemplification costs of its graphics vendor for trial and the *Markman* hearing. Samsung has specifically delineated the expenses incurred creating graphics presentations that were ultimately presented to the jury—primarily during opening and closing statements, as well as Dr. Medvidovic's examination at both trials. Highlighting the benefits and usefulness of Dr. Medvidovic's technical tutorial from the original trial, Cascades' own expert adopted his presentation slides for his own presentation at the second trial. And, albeit over the objection of Samsung, the Court deemed it appropriate to introduce demonstrative exhibits in the record as evidence for the jury to use during its deliberations.

Samsung also provides in Appendix G, separately, the cost of creating demonstratives to respond to Cascades' damages theory, which evolved throughout the case (as was demonstrated during the late production of Anthony Brown's expert disclosure). Samsung's damages testimony was contingent on Cascades' decision to put on its damages expert, Dr. Magee. Since

12

Cascades decided at the last minute in both trials not to present Dr. Magee, Mr. Hansen's testimony was not required. Nonetheless, Samsung was required to incur the additional cost of creating demonstratives for Mr. Hansen to present his testimony to the court, and requests recovery of those fees as well.

The total cost Samsung seeks is $117,900. Samsung has documented these costs in Appendix G, with documentation and invoices on the subsequent pages of the same appendix.

### 2. Costs associated with converting and processing electronic files for document production

"[T]he cost of converting files into electronic format for discovery is taxable." *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2015 WL 3407459, at *11 (N.D. Ill. May 27, 2015) (Kennelly, J.) (citing cases); *see also Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 CV 623, 2014 WL 125937, at *9 (N.D. Ill. Jan. 14, 2014) (holding that the prevailing party "may recover all of its conversion costs and associated costs (making files readable through optical character recognition, scanning, creating CD–Roms, and associated activities)," "its 'branding' costs," and "[c]osts for bates stamping.").

Here, the documents were converted into electronic format, made readable through optical character recognition, and Bates-stamped for document production. The total cost Samsung seeks is $4,467.08. Samsung has documented these costs in Appendix H at 1, with documentation and invoices on the subsequent pages of the same appendix.

### 3. Duplications of materials

"A prevailing party may recover photocopying costs for documents provided to the court or the other parties, but not for those made for its own convenience." *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318, 2015 WL 3407459, at *11 (N.D. Ill. May 27, 2015) (Kennelly, J.) (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.

13

1990)). "A party need not submit a bill of costs itemizing each document copied. But a party must provide the best breakdown obtainable from retained records in order to make the required showing of necessity." *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 CV 623, 2014 WL 125937, at *7 (N.D. Ill. Jan. 14, 2014) (citations omitted). Samsung requests recovery of costs associated only with printing copies of both parties' trial exhibits. Samsung does not request any additional copying fees. The duplication costs requested relate to the printing of Samsung's trial exhibits include two copies for the court, one for Cascades, and one for Samsung—for both the trial and the retrial. The total cost Samsung seeks is $30,848.03. Samsung has documented these costs in Appendix I at 1, and discounted to remove duplication costs for its own use, with documentation and invoices on the subsequent pages.

### 4. Copies of patents, applications and prior art materials

A party may recover costs for obtaining a certified copy of the patent. *Glenayre Electronics, Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112, at *6 (N.D. Ill. Aug. 11, 2003) (citing *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216–17 (7th Cir. 1975) ("Copies of patents, file wrappers, and photoprints reasonably necessary for use in the case are recoverable as costs.")) *aff'd*, 95 F. App'x 344 (Fed. Cir. 2004). Here, Samsung obtained certified copies of patents and patent applications, which were necessary in supporting Samsung's defenses against patent infringement and in asserting invalidity of the '750 patent. The total cost Samsung seeks is $670. Samsung has documented these costs in Appendix J at 1, with documentation and invoices on the subsequent pages of the same appendix.

### 5. Equipment rental for use during trial

Courts have consistently upheld awards of multimedia equipment rental fees. *Glenayre Electronics, Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112, at *6 (N.D. Ill. Aug. 11, 2003) (citing cases) *aff'd*, 95 F. App'x 344 (Fed. Cir. 2004); *see e.g.*, *Interclaim Holdings Ltd. v. Ness,*

*Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 WL 557388, at *3–4, 7 (N.D. Ill. Mar. 22, 2004) (awarding costs for multimedia equipment rental); *see id.*, Second Amended Bill of Costs at 7–8, ECF No. 134 (Sept. 17, 2003) (itemizing multimedia exemplification fees and showing, *inter alia*, $3,500 for "Multimedia System Rental" and $11,750 for "AV Equipment").

Samsung seeks costs for equipment rented for use in the courtroom and in the courthouse attorney room during the pendency of the trial. The equipment was necessary to print requested copies of proposed opening and closing demonstratives, exhibits, jury instructions, and pleadings required during trial and retrial. The total cost Samsung seeks is $2,907.89. Samsung has documented these costs in Appendix K at 1 with documentation and invoices on the subsequent pages of the same appendix.

### E.     Compensation of interpreters and costs of special interpretation services

Section 1920(6) authorizes "compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828." 28 U.S.C. § 1920(6).

Pursuant to 28 U.S.C. § 1920(6) and relevant case law, Samsung requests costs associated with its oral interpreters.[3] The depositions for Mr. Hakryoul Kim and for Mr. Vladimir Volonsky required oral interpretation for Korean and Russian, respectively. The total cost Samsung seeks is $7,824.51. Samsung has documented these costs in Appendix L at 1, and discounted to remove duplication costs for its own use, with documentation and invoices on the subsequent pages of the same appendix.

## IV.     CONCLUSION

For the foregoing reasons, the Court should award Samsung its bill of costs.

---

[3]   Samsung does not request and has not included costs for the translation of any *written* documents. *See Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 982 (N.D. Ill. 2010).

Dated: October 21, 2015 Respectfully submitted,

By:    /s/ *Luke L. Dauchot*
Luke L. Dauchot
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
luke.dauchot@kirkland.com
(312) 862 9292

Brandon Brown
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
brandon.brown@kirkland.com
(415) 439-1670

*Attorneys for Defendant Samsung Electronics Co., Ltd.*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on October 21, 2015, I caused to be electronically filed the foregoing **SAMSUNG'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS** with the Clerk of the Court for the Northern District of Illinois using the ECF System, which will send notification to counsel of record.

By: */s/ Luke L. Dauchot*
Luke L. Dauchot
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
luke.dauchot@kirkland.com
(312) 862 9292

*Attorney for Defendant Samsung Electronics Co., Ltd.*
