IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 11 C 4574 |
| SAMSUNG ELECTRONICS CO., ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Cascades Computer Innovation, LLC, sued Samsung Electronics Company alleging that Samsung manufactures and sells products that infringe U.S. patent number 7,065,750 (the '750 patent). Samsung counterclaimed against Cascades alleging that the '750 patent was invalid.

The case went to trial in July 2015. Closing arguments concluded on a Friday afternoon, and after instructions were given, the jury withdrew to the jury room to begin deliberations. Counsel provided the Court with a thumb drive containing all of the exhibits that had been admitted into evidence, which the courtroom deputy uploaded via JERS, the electronic system this Court uses to facilitate the jury's review of exhibits admitted in evidence. Through JERS, jurors may call up and review admitted exhibits on a large screen rather than reviewing paper copies. The Court provides instructions on its website detailing how counsel are to save, upload, and format exhibits, including how to number and title them to make it easy for jurors to navigate through exhibits

without needing to recall specific exhibit numbers from memory. Late on Friday afternoon, the courtroom deputy discovered that many of the electronic versions of admitted exhibits were not formatted correctly. Specifically, many exhibits were lacking the required titles. Accordingly, the Court instructed the lawyers—all of whom had already left the courtroom for the week—to resubmit their exhibits in conformity with the established JERS procedures set forth on the Court's website.

The following Monday morning, the Court did not receive a single updated thumb drive containing all of the corrected exhibits. Instead, each side submitted its own thumb drive. Unfortunately, the thumb drive that Samsung submitted included some exhibits and portions of exhibits that the Court had excluded or that otherwise had not been admitted into evidence. Neither the Court nor counsel for Cascades was aware of this at the time. As a result, the jury had the ability to view excluded and non-admitted materials during its deliberations.

The jury returned a verdict finding Cascades's '750 patent claims valid but not infringed. A few days later, while going through the process of destroying the paper copies of exhibits that had been given to the jury, a paralegal working for Cascades's counsel discovered the excluded and non-admitted materials. Cascades immediately filed an emergency motion for a mistrial and sanctions, which the Court construed as a motion for a new trial in light of the fact that the jury had already returned a verdict. The Court granted Cascades's motion for a new trial but did not impose sanctions because there was no evidence that Samsung had deliberately submitted improper materials. A new trial date was set for September 2015.

Following a five-day jury trial in September, another jury returned an identical

verdict finding Cascades's '750 patent claims valid but not infringed. The Court denied Samsung's motion for judgment as a matter of law or for a new trial on the issue of invalidity. *See* dkt. no. 452. Samsung has now submitted a bill of costs. Cascades has objected to the majority of the costs requested. For the reasons stated below, the Court upholds some of Cascades's objections and overrules others.

## Discussion

Samsung requests over $240,000 in costs. Federal Rule of Civil Procedure 54(d) states that "costs—other than attorney's fees—should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). A court or clerk of court "may tax as costs" several different categories of expenses, including "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Courts may also tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Id.* § 1920(4). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The Supreme Court, however, has held that the "scope of taxable costs" is "narrow," and that such "costs are limited to relatively minor, incidental expenses as is evident from § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012).

Cascades disputes whether Samsung is truly the "prevailing party" in this case, and it also objects to all of Samsung's requests for reimbursement for costs incurred at the first trial. In addition to these two general objections, Cascades opposes many of

3

Samsung's specific requests.

A.   **Samsung's right to recover costs under Rule 54(d)**

Cascades lodges two general objections to Samsung's request for reimbursement. First, Cascades contends that because Samsung did not prevail on its invalidity counterclaim, it is only a "partially prevailing party" and therefore may only recover costs proportionate to its victory. Second, Cascades argues that Samsung should not be permitted to recover costs associated with the July trial because it was Samsung's negligence that forced the parties to try the case a second time. Samsung disagrees and asks the Court to tax Cascades for the full amount of Samsung's costs arising from both trials.

In support of its argument that Samsung cannot fully recover for its partial victory, Cascades cites *First Commodity Traders v. Heinold Commodities, Inc.*, 766 F.2d 1007 (7th Cir. 1985). There, the Seventh Circuit held that because district courts have wide discretion to determine and award reasonable costs, it is not an abuse of that discretion for a court to reduce a party's recovery under Rule 54(d) in proportion to the extent of that party's partial victory on some claims. *Id.* at 1015. For the purposes of patent litigation, however, Federal Circuit law defines what constitutes a "prevailing party." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). In *Manildra Milling*, the Federal Circuit expressly rejected the Seventh Circuit's discretionary approach to the "prevailing party" analysis. *Id.* at 1181–82 ("The Fifth and Seventh Circuits appear to treat the issue of prevailing party as lying within the district court's discretion. . . . [W]e conclude that deference to regional circuit law is inappropriate in this case.").

4

The Federal Circuit has held that "even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party.' For the purposes of costs and fees, there can be only one winner." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). A party need not prevail on all claims to qualify as a prevailing party. *Id.* at 1368; *Kemin Foods L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1347–48 (Fed. Cir. 2006). The prevailing party in a mixed judgment case must have received "some relief on the merits" that "materially alter[s] the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Shum*, 629 F.3d at 1367 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–13 (1992)).

Cascades sued Samsung for infringement, lost its suit, and now seeks to deem Samsung a "partially prevailing party" because Samsung's counterclaim was not successful. Like the defendants in *Shum*, Samsung has avoided monetary liability, and the judgment of non-infringement entered in its favor will have claim-preclusive effect in future actions. By contrast, Cascades's victory on Samsung's counterclaim served to recognize the validity of Cascades's claims under the '750 patent, but it did not confer any other material benefit. Samsung is the prevailing party in this case and is therefore entitled to recover costs; the Court need not award costs proportionate to the degree of Samsung's victory. *See Shum*, 629 F.3d at 1368–69.

Still, as the Federal Circuit observed in *Manildra*, eligibility to recover costs as the prevailing party is "only a threshold inquiry"; the Supreme Court has noted that the degree of a party's overall success may impact the reasonableness of the requested costs. *Manildra*, 76 F.3d at 1182 (citing *Farrar*, 506 U.S. at 113–15). A court "may

5

lawfully award minimal fees or no fees after considering the amount and nature of the [party's] success." *Id.* The Court is not legally required to reduce Samsung's recovery by some percentage just because Cascades prevailed on Samsung's counterclaim. But it is appropriate for the Court to limit Samsung's recovery if the Court determines that complete recovery would be unreasonable. Because the Court finds it unreasonable for Samsung to recover the full amount of costs incurred in sole pursuit of its counterclaim, some of those costs will not be taxed.

Samsung's costs associated with the July trial likewise will not be taxed. The Seventh Circuit has held, albeit in a slightly different context, that a district court should not award costs or fees related to the first of two trials where the prevailing party's error or bad behavior creates the need for the second trial. *See Shott v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 338 F.3d 736, 739–43 (7th Cir. 2003); *cf. O'Rourke v. City of Providence*, 235 F.3d 713, 737 (1st Cir. 2001) (prevailing party may be compensated for costs associated with both proceedings so long as that party's actions are not responsible for the need for a second trial); *Gierlinger v. Gleason*, 160 F.3d 858, 878–81 (2d Cir. 1998) (same). The Court previously concluded that there was no evidence that Samsung purposefully submitted excluded and otherwise non-admitted materials to the jury, but Samsung's error was unforced and was the sole reason for the second trial. It is inappropriate to make Cascades pay for Samsung's negligence.

**B.    Deposition transcripts**

Samsung seeks to tax Cascades for transcription services for numerous depositions, including $10,862.22 for printed transcripts, $6,458.75 for video recording, and $3,711.10 for real-time transcription services. Samsung also requests $1,514.50 in

court reporter attendance costs for various depositions.  After accounting for a $910.55 credit from its court reporter, the total Samsung requests for depositions amounts to $21,636.02.  Cascades does not contest Samsung's request to be reimbursed for written transcripts from the depositions of Anthony Brown, Alan Purdy, Hakryoul Kim, and Sean Diaz, but it disputes all of Samsung's other requests, including printed transcripts from other witnesses' depositions, video recordings, and real-time transcription services.

In addition to the four depositions Cascades concedes were reasonably necessary to Samsung's defense, Samsung may recover costs associated with Magee's deposition and Dr. Medvidovic's deposition.  Both of these depositions were reasonably necessary to Samsung's defense against Cascades's infringement claim.  Samsung may also recover costs relating to the Magas deposition, which Samsung took for the same reason as the Brown depositions, and the Smith deposition, because this deposition was necessary to determine Cascades's standing to sue.  But as Samsung makes clear in its memorandum in support of its bill of costs, dkt. no. 434-1 at 5, the remaining depositions for which it seeks reimbursement were necessary to reveal the inventors of the '750 patent, its prosecution history, prior licenses of the patent, and prior attempts to commercialize the patented technology—all issues relevant only to Samsung's counterclaim.  For the reasons explained above, Cascades will not be taxed costs for witnesses whose sole purpose was to provide information and testimony related to Samsung's invalidity counterclaim, on which Cascades prevailed.

In addition to costs associated with obtaining printed transcripts and paying court reporter attendance fees, Samsung requests reimbursement for video recordings and

real-time transcription services from these depositions. A prevailing party may recover

costs for both a paper transcript and a video recording of a deposition, but only when it

was "reasonable and necessary" for counsel to obtain both. *See Little v. Mitsubishi*

*Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Cascades argues that video

recordings were redundant and unnecessary for Brown and Magas because they were

within the subpoena power of the court, and Samsung also obtained printed transcripts

of each of their depositions. Cascades further argues that video recordings were

unnecessary for the other compensable depositions because although the deponents

live beyond the subpoena power of the Court, Samsung provided no legitimate reason

to believe that they would not be available and willing to testify at trial.

    As to Brown and Magas, the Court agrees with Cascades: both deponents were

within the subpoena power of the Court, and Samsung has not offered a reasonable

explanation for why it should recover for the redundancy of obtaining video recordings in

addition to printed transcripts of their depositions. *See* Def.'s Reply, dkt. no. 444, at 10

(offering as its sole justification for video recordings that "Cascades does not dispute

that nearly all the witnesses deposed in this litigation were outside the Court's subpoena

power"). As to the video recording costs associated with the Purdy and Magee

depositions, the Court agrees with Samsung. Both deponents were beyond the

subpoena power of the Court and therefore could not have been compelled to testify at

trial. It was accordingly reasonable to request both printed transcripts and video

recordings of their depositions. *See Intercontinental Great Brands LLC v. Kellogg N.A.*,

No. 13 C 321, 2016 WL 316865 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.); *Merix Pharm.*

*Corp. v. Clinical Supplies Mgmt., Inc.*, 106 F. Supp. 3d 927, 943 (N.D. Ill. 2015)

(Kennelly, J.).

Finally, Samsung requests $3,082.60 for real-time transcription services it purchased for the depositions of Brown, Diaz, Magas, Medvidovic, Magee, and Purdy. To support this request, Samsung cites *In re Dairy Farmers of America, Inc.*, 80 F. Supp. 3d 838, 855–56 (N.D. Ill. 2015), in which another judge in this district wrote that "Realtime . . . is a convenience that is becoming ubiquitous in the modern legal world." *Id.* Samsung's own reference undermines its argument—real-time transcription services are a *convenience*, not a necessity, and the mere fact that the subject matter at issue was complicated is not sufficient to justify these significant expenditures. Samsung has failed to show the reasonable necessity of these requested costs. The Court declines to tax Cascades for Samsung's choice to pay for real-time transcription.

The total recoverable cost of printed deposition transcripts and court reporter attendance fees is $9,695.07, and the total recoverable cost of deposition video is $1,872.50. Adjusted to account for the $910.55 credit Samsung received from its court reporter (appearing in the invoice for the Magee deposition), Cascades will be taxed $10,657.02 for deposition costs.

**C.     Court reporter fees**

Samsung has withdrawn its request for reimbursement for court reporter fees from any proceedings other than the two trials, and, as explained above, the Court has determined that Samsung may not recover the costs of court reporter fees from the first trial. Cascades contends that it should only have to pay $4,838.40 for court reporter services at the second trial rather than the $14,572.80 Samsung claims to have paid. Cascades contends that because it purchased the same copies of trial transcripts for a
9

fraction of the price, Samsung is overcharging.

Neither number is correct. The invoices show that Cascades did not purchase the same copies Samsung purchased, but rather benefitted by paying a copy rate rather than an original rate due to Samsung's paying for originals. They also show, however, that Samsung is indeed overcharging because it is requesting reimbursement for original hourly transcripts and first-copy real-time transcripts, both at high per-page rates. Samsung is entitled to recover the amount it would have cost for regular delivery of the original transcript from the September trial. The Court directs Samsung to recalculate its request for court reporter fees from the second trial at the regular-delivery rate.

**D.     Witness fees**

Rule 54(d) permits a prevailing party to recover expert fees paid pursuant to Federal Rule of Civil Procedure 26(b)(4)(E). Rule 26(b)(4)(E) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: . . . (i) pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26 (b)(4)(E). A prevailing party is also entitled to recover reasonable travel and lodging expenses, subsistence costs, and attendance fees. *See Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000); *Merix Pharm. Corp.*, 106 F. Supp. 3d at 945.

Samsung employed two experts, John Hansen and Dr. Nenad Medvidovic, to testify at both trials. Dr. Medvidovic was Samsung's expert on issues related to infringement; Hansen was Samsung's expert on damages. Samsung seeks costs associated with making both witnesses available at both trials, along with hourly rates to

compensate Dr. Medvidovic for time spent preparing for his deposition. As stated above, Samsung may not recover costs incurred making these witnesses available at the first trial.

Cascades disputes whether Samsung should recover costs associated with making Hansen available for the second trial. It contends that Samsung's counsel knew well in advance of trial that Cascades did not intend to call its damages witness and Samsung would therefore not need to call Hansen. Cascades says Samsung paid transportation, lodging, and per diem costs to bring Hansen to Chicago for the trial in spite of this knowledge, and should not be permitted to recover costs it knew it did not need to incur. Samsung argues that in the days leading up to trial, Cascades flip-flopped on whether it intended to call its damages expert. Samsung contends that it was reasonable to bring Hansen to Chicago as a precaution due to Cascades's mixed signals.

Samsung points to e-mails attached as exhibits to support this claim, but the e-mails do not show what Samsung claims they show. Rather, they indicate that the parties agreed to share their "may call" and "will call" lists with one another, and that although Samsung's attorneys repeatedly asked Cascades's attorneys whether they intended to call Magee and alluded to his possible appearance at trial, Cascades's attorneys never gave any indication in the week leading up to the second trial that he would or might be called to testify. (The only person to mention Magee by name in this e-mail exchange was Samsung's counsel.) Under the circumstances, it was unreasonable for Samsung to spend $1,819 to bring Hansen to Chicago, and Samsung cannot recover these costs.

11

Cascades also objects to the amount Samsung requests to compensate Dr. Nenad Medvidovic, the expert Samsung examined during the trial. Cascades points to *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007), a case decided over nine years ago in which another judge in this district deemed an expert's $450 hourly rate reasonable. Cascades argues that Samsung has not demonstrated why an expert in this case would need to charge a higher rate than was found reasonable in *Nilssen*. As Samsung points out, the subject matter in *Nilssen* was not comparable to the subject matter of this case. Accounting for the complexity of this case and modest inflation over the last nine years, Dr. Medvidovic's rate of $550 per hour is reasonable.

Finally, Samsung has reduced Dr. Medvidovic's taxable hours by a factor of twenty-five percent to account for time spent preparing and testifying with regard to Samsung's invalidity counterclaim. Cascades contends that Samsung should be reimbursed for half, rather than three quarters, of Dr. Medvidovic's time because Samsung's counterclaim was one of two equally important issues about which Samsung called him to testify. Some of the content Dr. Medvidovic discussed was relevant to both Cascades's claim of infringement and Samsung's claim of invalidity, but it is not clear that Dr. Medvidovic's time was evenly attributable to both issues. Based on the degree of overlap in content and the inexplicably large amount of time Dr. Medvidovic billed for travel back and forth multiple times for deposition preparation sessions with Samsung's counsel, a one-third reduction is more appropriate.

Samsung therefore may recover $18,590 for Dr. Medvidovic's deposition preparation for the September trial. It may also recover undisputed amounts of $1,325

in subsistence fees, $484.57 in transportation costs, and $280 in attendance fees for Dr. Medvidovic to testify at the September trial. Together with Samsung's undisputed request for $40 per diem for four other witnesses ($160 total), this brings the total recoverable amount for witness fees to $20,839.57.

**C.     Photocopies and exemplification**

Pursuant to section 1920(4), a prevailing party may recover photocopying costs for documents provided to the court or the other parties, but not for documents made for its own convenience. *See* 28 U.S.C. § 1920(4); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). The cost of converting files into electronic format is also taxable under section 1920(4). *See Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009); *Merix Pharm. Corp.*, 106 F. Supp. 3d at 944.

In its bill of costs, Samsung requested $4,467.08 for file conversion, optical character recognition, and bates stamping; Samsung has since withdrawn this request. In its revised bill of costs, Samsung seeks $30,848.03 for the cost of obtaining 29,970 photocopied pages for the July trial ($14,395.13) and 80,804 photocopied pages for the September trial ($16,452.90). For the reasons stated above, Cascades will not be taxed for the $14,395.13 Samsung spent on copies for the first trial.

Cascades offers three objections to Samsung's request for fees related to copying expenses. First, Cascades objects that there is no reason Samsung should have produced over two and a half times as many copies for the second trial as it did for the first. Second, Cascades contends that the invoice showing that Samsung spent $16,452.90 to print copies for the September trial is too vague to warrant full recovery, and it urges the Court to exercise its discretion to permit recovery at a significantly

13

reduced rate. Third, Cascades argues that Samsung may not be reimbursed for the cost of hole-punching, tabbing, and binding the copies.

As an initial matter, Samsung's expenditures related to hole-punching, tabbing, and binding copies are not taxable. Section 1920(4) permits recovery only for "making copies," not for the processes of collating, binding, sorting, and filing them. Cascades will not be taxed the $1,903.86 Samsung seeks for these activities.

As for the cost of making copies itself, Samsung's billing records are woefully inadequate to support full recovery. A party need not "submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. Rather, [the party is] required to provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). But the invoice detailing Samsung's expenditure on copies for the September trial does not even do this. The invoice merely states that Samsung spent $14,544.72 on "Blowbacks - Color 8.5x11 Prints from Digital Media" and $4.32 on "Slipsheets w/ Text." *See* Def.'s Ex. I, dkt. no. 434-11, at 5. Samsung claims in its memorandum that these costs were associated with copies made for opposing counsel and the Court, but it offers no documentation to support this claim other than that the invoice states that the binders were "exhibit binders." Samsung also provides no explanation for the dramatic discrepancy between the number of copies needed for the first trial and the second. There is no detail contained in any documentation or invoice that indicates what documents were produced or why they were necessary, so the Court cannot discern whether they were produced for the Court, for Cascades, or for Samsung's own convenience. The Court will permit Samsung to

recover only half of the photocopying expenses it claims for the September trial. The total amount Samsung may recover from the costs shown in Exhibit I is $7,274.52.

Like photocopying costs, exemplification costs may be awarded where exemplification "was necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Samsung requests $117,900 in reimbursements for exemplification costs. This includes $10,375 for "Graphics consulting services rendered re Markman hearing," $67,500 for "Professional Fees, Graphics services rendered and expenses incurred in July 2015" for the July trial, and $40,025 for the same services related to the September trial. Cascades argues that Samsung should not be permitted to recover the money it spent on visual presentations used in the *Markman* hearing, the July trial, or the September trial. The Court agrees that exemplification costs related to the July trial cannot be taxed to Cascades.

To determine whether an exemplification was necessarily produced, the Court considers "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, is exemplification vital to the presentation of that information, or was it merely a convenience or, worse, an extravagance?" *Cefalu v. Vill. Of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). Samsung contracted an intellectual property graphics vendor to produce numerous slides for presentation at the *Markman* hearing and the September trial. The invoices and documentation provided to the Court indicate that graphics professionals spent a significant amount of time designing, editing, formatting, and animating the slide decks that Samsung used in both proceedings. They do not show, however, that the substantial hours spent and cost incurred were necessary to

15

Samsung's defense. Truth be told, it is hard to imagine an invoice or record that could—there is simply no way to justify $50,400 in exemplification costs for a *Markman* hearing and a four-day trial. Because the exemplifications produced were actually used at the *Markman* hearing and at trial, Samsung should be able to recover some of its costs associated with producing them. But the amount requested is far out of proportion to their utility or reasonable necessity. Samsung may recover $12,600 (one-quarter of its claimed costs) for its exemplifications.

Finally, Samsung may recover $50 for certified copies of two patents. *See Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216–17 (7th Cir. 1975); *Chicago Bd. of Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 CV 623, 2014 WL 125937, at *10 (N.D. Ill. Jan. 14, 2014). In sum, Cascades is taxed $19,924.52 for duplication, exemplification, and certified copies of patents.

**E.    Equipment rental**

Samsung seeks to recover $2,907.89 for money spent to rent extension cords, power strips, and a color copier for use in the courthouse. There is no statutory basis for Samsung's request. It is accordingly denied.

**F.    Oral interpreters**

Finally, Samsung requests that Cascades reimburse it for the cost of employing two oral interpreters for foreign language depositions Cascades arranged. Included in this request is a cancellation fee of $1,300 incurred when Cascades rescheduled a deposition. Cascades argues that this cancellation fee is too high and should be cut in half. Cascades also argues that because it enlisted the services of its own interpreters whose translations Samsung could have used, both of Samsung's interpreters were

16

unnecessary extravagances and their costs should not be recoverable.  Cascades also argues that costs associated with ground transportation and per diem should not be recoverable for the interpreter Samsung employed for the Kim deposition because Samsung did not submit receipts detailing these expenditures.   Lastly, Cascades contends that the Court should either bar or significantly limit recovery of costs incurred paying for Samsung's interpreter in the Volkonsky deposition because his testimony was not used at either trial, he testified only as to invalidity, and his invoice was not particularized.

     Pursuant to section 1920(6), a prevailing party may recover reasonable costs for oral interpreters.  The Court is not persuaded that Samsung should have to bear the costs of employing its own interpreters because it should have simply taken Cascades's word that its interpreters were translating deposition testimony correctly.  There is likewise no reason Samsung should be required to shoulder any portion of the cancellation fee one interpreter charged when Cascades rescheduled the Kim deposition.  Lastly, the Court overrules Cascades's argument that it should not be required to reimburse Samsung $350 to cover that interpreter's ground transportation and per diem.  It is true that the interpreter did not attach receipts to its bill to show how this money was spent, but the invoice Samsung received shows that it was actually billed and paid this money to its interpreter, and costs associated with compensating interpreters are recoverable.  Cascades will be taxed $4,571.38 for the cost of Samsung's oral interpreter for the Kim deposition, including the cost of the cancellation Cascades caused.

     Samsung offers no response to Cascades's argument that Samsung should not

recover costs associated with interpreting Volkonsky's deposition, including Cascades's contention that Volkonsky's testimony was not used at trial and was relevant only to Samsung's invalidity counterclaim. See Def.'s Reply, dkt. no. 444, at 19–20. The Court therefore does not believe it would be reasonable for Cascades to be taxed for this expenditure.

## Conclusion

For the foregoing reasons, the Court approves defendant's bill of costs in part [dkt. no. 434]. The Court will tax Cascades $55,992.49, plus the recalculated cost of court reporter fees from the September trial. Samsung is to provide the requested recalculation within five days of entry of this order. The remainder of the bill of costs is overruled.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 16, 2016